IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY SCHREMPP, Personal Representative of the Estate of LORI SCHREMPP; and WASAU INSURANCE COMPANY, | ) ) ) ) ) ) | 4:06CV3197 **MEMORANDUM AND ORDER** |
| Plaintiffs, | ) | |
| vs. | ) ) | |
| ROCKY MOUNTAIN HOLDING CO., L.L.C., et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on a report and recommendation by Magistrate Judge Thalken (filing 71), recommending that the plaintiffs' motion to remand (filing 19) be granted pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, but that the removing defendants, Rocky Mountain Holding Co., L.L.C. ("RMHC") and Air Methods Corporation ("AMC"), not be required to pay attorney fees incurred by the plaintiffs as a result of the removal of the action from state court, as requested in the plaintiffs' motion.

Pursuant to Fed. R. Civ. P. 72(b) and NECivR 72.3(a), RMHC and AMC have filed a statement of objections (filing 76) to the recommendation that the case be remanded. They object only to that portion of the report and recommendation (section C) in which Judge Thalken finds that diversity jurisdiction does not exist.[1] No objections have been filed by the plaintiffs or any other party.

---

[1] The jurisdictional issue turns on whether the plaintiffs' announcement of a settlement with the lone non-diverse defendant is sufficient to permit removal under 28 U.S.C. § 1446(b) (and to trigger a 30-day filing requirement under that statute).

Pursuant to 28 U.S.C. § 636(b)(1), I have conducted a de novo review of the report and recommendation . In general, I find that Judge Thalken has correctly found the facts and applied the law, and that the report and recommendation should be adopted. With specific reference to the defendants' objections, however, I make an additional finding that the removal of the action to federal court was not timely under 28 U.S.C. § 1446(b) even if diversity jurisdiction does exist.

The action was pending in the District Court of Lancaster County, Nebraska, for more than 4 years before being removed to this court on August 15, 2006. Even though RMHC and AMC were not defendants in the action until a fourth amended complaint was filed and served on them on July 18, 2006, the plaintiffs commenced the action against other defendants on July 18, 2002.

Section 1446(b) plainly states that "a case may not be removed on the basis of jurisdiction conferred by [28 U.S.C. § 1332] more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). As explained in Sasser v. Ford Motor Co., 126 F. Supp. 2d 1333, 1335-37 (M.D.Ala. 2001), there are several reasons to apply the statutory language to bar removal in this case:

> First, because "removal statutes are construed narrowly," that is, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand," Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994), the term "commencement of action" should be understood to refer to commencement of the action initially, and not as to any later addition of a particular party or claim.
>
> Second, if Congress had wanted § 1446(b) to be claim or party specific, it could have worded the provision to make it so. The provision could have read that "a case may not be removed by a party on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action against that party." Because

2

Congress did not do this, the court should not reword the statute to make it read this way.

Third, although the legislative history of § 1446(b) does not specifically address the circumstance presented here, the thrust of the comments in that history support the court's approach. The House Report on § 1016(b)(2) of the Judicial Improvements and Access to Justice Act, P.L. 100-702, which contained the amendment to § 1446, explained the purpose of the one-year limit:

> "Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption."

H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33. It is apparent from this language that Congress was not concerned with the status of particular claims or parties in a lawsuit but rather with the status of the overall lawsuit, that is, whether the event triggering removal occurs "after substantial progress has been made in state court." The one-year limit is a prophylactic measure intended to prevent "substantial delay and disruption" due to "change in parties as an action progresses toward trial in state court." After a certain period of time, a "change in parties" should no longer justify removal.

3

> "Congress accepted a 'modest curtailment in access to diversity jurisdiction' in exchange for avoiding 'substantial delay and disruption' after 'substantial progress has been in state court.'" Russaw v. Voyager Life Insurance Company, 921 F.Supp. 723, 725 (M.D.Ala.1996) (Thompson, J.) (quoting H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.) "Congress intended that administrative expediency allowing a case to proceed to trial in state court should outweigh the necessity of access to diversity jurisdiction." Id. Cases should no longer commute back and forth between federal and state courts as parties and claims are added and dismissed; instead, after one year, even in those instances where diversity jurisdiction is present, the cases should simply come to rest in one forum and go to trial.
>
> Finally, the purpose of the one-year requirement in § 1446(b) is similar to the purpose of 28 U.S.C.A. § 1447(d), which provides that an order remanding a case to state court is generally not reviewable on appeal. As this court explained in Russaw, "In both situations, the case should go forward in state court without delay, regardless of whether diversity jurisdiction was in fact present. See Robertson v. Ball, 534 F.2d 63, 66 n. 5 (5th Cir.1976) ('[O]nce the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect.')." 921 F.Supp. at 725.

See also Lytle v. Lytle, 982 F. Supp. 671, 673-74 (E.D.Mo. 1997) (third-party defendants who were brought into action more than 1 year after its commencement could not remove action because "[t]he language of § 1446 is unambiguous; it plainly prohibits removal on diversity grounds of a case that was commenced in state court more than a year prior to its removal.").

Accordingly,

IT IS ORDERED that:

1. The magistrate judge's report and recommendation (filing 71) is adopted;

2. The defendants' statement of objections (filing 76) is denied;

3. The plaintiffs' motion to remand (filing 19) is granted pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

4. The plaintiffs' request for an award of costs and expenses, including attorney fees, is denied;

5. The clerk of the court shall mail a certified copy of this order to the Clerk of the District Court of Lancaster County, Nebraska, and may take any other action necessary to effectuate the remand; and

6. Judgment shall be entered by separate document.

February 14, 2007.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge